IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-497-BO

| | | |
|---|---|---|
| MMP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CITY OF RALEIGH, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's amended motion to remand the instant action to Wake County Superior Court. [DE 16] The matter has been fully briefed and is ripe for disposition. For the reasons that follow, plaintiff's amended motion to remand [DE 16] is GRANTED.

## BACKGROUND

In October 2018, plaintiff filed this action in Wake County Superior Court for declaratory relief, injunctive relief, and damages in connection with property plaintiff owns. [DE 1-2]. Plaintiff alleged both state law claims and claims under the Fourteenth Amendment. *Id.* Defendant removed the action to this Court, invoking federal question jurisdiction. 28 U.S.C. §§ 1331; 1441.

Plaintiff then filed a notice voluntarily dismissing without prejudice its federal claims and moving to remand the case to state court. [DE 12, 13]. Plaintiff subsequently amended its motion. [DE 16]. Defendant opposed the remand motion and argued that Federal Rule of Civil Procedure 41 applies only to the voluntarily dismissal of *actions*, not claims. [DE 19]. In response, plaintiff amended its complaint as of right to remove the federal claims. [DE 20]. Plaintiff argues that, as

no claims arising under federal law remain, the Court no longer has jurisdiction over the action and it must be remanded to Wake County Superior Court. [DE 21].

## DISCUSSION

Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, whether the district courts have federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). While the law that creates a cause of action will almost always determine whether the claim arises under federal or state law, *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986), in a small number of cases a federal court will possess jurisdiction over a state law cause of action where the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) ("federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily

raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.").

There is no need for the Court to consider whether, as defendant argues, plaintiff could not voluntarily dismiss its federal claims under Rule 41 because that rule speaks only of entire actions, rather than particular claims. Plaintiff timely filed an amended complaint under Federal Rule of Civil Procedure 15(a)(1)(B) on December 3, 2018, within twenty-one days of defendant's answer to the original complaint. The amended complaint does not raise any claims which arise under federal law. Even if plaintiff's claims for declaratory or injunctive relief raise federal issues, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. Rather, federal question jurisdiction depends on whether plaintiff's claims "necessarily depend[] on resolution of a substantial question of federal law." *Mulcahey*, 29 F.3d at 151. No such substantial question of federal law exists in this case. Plaintiff's claims involve issues state law and local ordinances. Jurisdiction in this Court is, therefore, not appropriate. The plaintiff's amended motion to remand must be granted.

## CONCLUSION

For the above reasons, plaintiff's amended motion to remand [DE 16] is GRANTED. The clerk is DIRECTED to REMAND this matter to Wake County Superior Court.

SO ORDERED, this _16_ day of December, 2018.

_Terrence W. Boyle_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3